UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN MUMM,

    Plaintiff,

                                                           Civil Case No. 14-14403
v.                                                    Honorable Linda V. Parker

CHARTER TOWNSHIP OF SUPERIOR,

    Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

This action arose from Defendant's termination of Plaintiff's employment on April 3, 2014. In a First Amended Complaint filed February 5, 2015, Plaintiff alleged three counts of gender pay discrimination and two counts of retaliation. (ECF No. 9.) This Court granted summary judgment to Defendants on all of Plaintiff's counts, but the Sixth Circuit reversed with respect to Plaintiff's retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"). The case went to trial before a jury on October 1, 2018, with the jury reaching a verdict in favor of Defendant and against Plaintiff on October 5, 2018. The matter is presently before the Court on Plaintiff's Motion for New Trial, filed pursuant to Rule 59(a) of the Federal Rules of Civil Procedure on October 15, 2018. (ECF No. 66.)

## Relevant Procedural Background

The Sixth Circuit entered its decision in this case on March 2, 2018, and its mandate on March 26, 2018. Attorneys Kathleen Bogas and John Runyan, Jr. then entered their appearances in these proceedings on behalf of Plaintiff. After settlement efforts were unsuccessful, the Court entered a scheduling order setting an August 10, 2018 deadline for motions in limine, a final pretrial conference for September 12, 2018, and a trial date of October 1, 2018. Plaintiff, through her counsel, filed three motions in limine on August 10, 2018, which were fully briefed as of August 31, 2018. The Court subsequently rescheduled the final pretrial date to September 26, 2018 (leaving the October 1, 2018 trial date).

On Wednesday, September 26, the Court conducted the final pretrial conference. At that time, the Court informed the parties of its intended rulings on the pending motions in limine. At counsel's request, however, the Court agreed to hear oral argument on one motion and one issue raised in another the following week.[1]

---

[1] Because the undersigned had obligations in the Detroit courthouse on Monday and Tuesday, October 1 and 2, the parties initially consented to have Magistrate Judge Stephanie Dawkins Davis conduct jury selection on the first day of trial with the Court presiding over the remaining proceedings starting Wednesday, October 3. The Court scheduled oral argument with respect to the motions in limine at the Detroit courthouse for Tuesday so as not to delay the trial. However, due to the developments in the case on Friday afternoon discussed infra, the Court rearranged its schedule to conduct the jury selection on Monday, October 1.

On Friday, September 28, Plaintiff's attorneys contacted the Court's Deputy Clerk to request an emergency telephonic conference call with the Court and defense counsel because Plaintiff had decided to terminate their representation. At one o'clock on Friday afternoon the Court conducted that call, at which time Plaintiff's counsel moved to withdraw due to a breakdown in the attorney-client relationship. Plaintiff and her counsel explained that Plaintiff disagreed with her counsel's view of how the case should be tried and wanted to proceed on her own. According to Plaintiff and her counsel, they had not been seeing eye-to-eye for some time. As Plaintiff subsequently stated on the record on October 1, 2018, she and counsel were "diametrically opposed in the trial strategy and that ha[d] been apparent for weeks."

During the conference call, the Court advised Plaintiff that the decision was ill-advised, but that she had the right to make it. The Court warned Plaintiff, however, that trying a case before a jury is challenging for a pro se party. The Court therefore provided Plaintiff until the close of business that day to rethink her decision. The Court also asked Plaintiff if she needed a continuance of the trial, which defense counsel objected to. Plaintiff was clear that she did not want a continuance.

Neither Plaintiff nor her attorneys contacted the Court, and the parties and counsel appeared for trial on Monday, October 1. At that time, Plaintiff's counsel

3

formally moved to withdraw on the record and the Court granted their motion. Then, with the jury panel waiting in the hallway for voir dire to begin, Plaintiff asked the Court for a continuance of the trial date. When the Court asked Plaintiff how much additional time she was seeking, Plaintiff responded: "I would prefer a month but I will accept a week. I will accept nothing, if that's the only choice." (10/1/18 Trial Tr.)

Defendant's attorney vigorously objected to Plaintiff's late request, pointing out that the trial date had been on the docket for a while and that Defendant's witnesses had been subpoenaed and were present to testify. Defense counsel represented that these witnesses had taken time off work and rescheduled travel plans to appear. The Court denied Plaintiff's request and proceeded to and completed jury selection. The trial then was continued to Wednesday, October 3, as the undersigned was scheduled to be in the Detroit courthouse for other matters on Tuesday, October 2.

Nevertheless, on Tuesday in Detroit, the Court conducted a hearing on the record with Plaintiff and defense counsel to address the motions in limine and objections to trial exhibits. At that hearing, Plaintiff withdrew the three motions in limine filed by her attorneys, explaining that her disagreement with the filing of the

4

motions was one of the greatest sources of conflict between them.[2]  With respect to trial exhibits, considerable time was spent addressing multiple exhibits Plaintiff had served on defense counsel the night before which her attorneys had not previously listed as exhibits.  The Court sustained Defendant's objections to the exhibits, relying primarily on the time-requirements in Federal Rule of Civil Procedure 26(a)(3)(B).

## Plaintiff's Rule 50(a) Motion

Plaintiff now argues that she is entitled to a new trial because of the Court's denial of her request for a continuance.  Plaintiff contends that the Court's ruling caused her prejudice.  Plaintiff identifies several ways in which she believes she was prejudiced by the Court's decision:

> (a) She had inadequate time to acquaint herself with the courtroom procedures, thus leading her to appear unprofessional and unprepared.[3]

---

[2] Notably, one of the motions in limine sought to exclude as irrelevant three disciplinary actions against Plaintiff several years before her April 3, 2014 termination.  (*See* ECF No. 46.)  Another motion sought to preclude Defendants from presenting evidence relevant to Plaintiff's dismissed pay discrimination claims.  This included evidence to show that Plaintiff was less skilled and qualified as her male comparator.  (ECF No. 47.)

[3] Plaintiff asserts that because the jury could not be informed that she had terminated her attorneys just five days before trial (in fact three), "the jury would have no frame of reference to excuse [her] lack of knowledge of courtroom procedures, making her appear like an irresponsible person who had not taken the time to adequately prepare herself for trial." (Mot. at 5, ECF No. 66 at Pg ID 1265.)

> (b) She had to rewrite her entire opening statement on a short fifteen-minute break before trial because contents of what she intended to include were neither relevant nor admissible.
>
> (c) She had inadequate time to organize her exhibits and therefore appeared to be fumbling through the exhibits.
>
> (d) She had no time to hire an administrative assistant to assist in her trial preparation.
>
> (e) She had insufficient time to acquaint herself with jury selection procedures, possibly diminishing her ability to pick a favorable jury.
>
> (f) Her mental energy and focus were drained as a result of having to focus on the logistical requirements of conducting a trial and doing so distracted her from being able to react to Defendant's arguments and strategies.

Plaintiff lists additional ways in which she was prejudiced, although none of them appear to stem from the denial of her request for a continuance.

For example, Plaintiff claims that the Court's failure to rule on the pending motions in limine prior to the final pretrial conference hampered her attorneys' ability to plan their case. Plaintiff explains: "Not knowing whether [the motions in limine] would be accepted or rejected … likely prohibited Plaintiff and Counsel from being able to either resolve their disagreements or recognize their irreconcilable difference in time to ask for a postponement of the trial before it was eminent [sic]." (Mot. at 7, ECF No. 66 at Pg ID 1267.) Plaintiff also states that she suffered prejudice because the Court sustained Defendant's objections to the multiple exhibits she served on defense counsel the evening of October 1. Plaintiff

6

asserts that "[p]erhaps the overwhelming evidence to support that [she] should have been granted time to prepare for trial was that [she] did not understand that she had to ask for damages **as a witness**."[4] (*Id*. at 8, Pg ID 1268, emphasis in original.)

## Applicable Law and Analysis

Rule 59(a) allows a Court to grant a new trial following a jury trial for "any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). The "general grounds" for new trial are:

> that the verdict is against the weight of the evidence, that the damages are excessive, or that for other reasons the trial was not fair, and that the motion also may raise questions of law arising out of substantial errors in the admission or rejection of evidence or the giving or refusal of instructions.

11 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2805 (3d ed. 1998). "The grant of a new trial ... falls within the trial court's discretion to act to prevent a miscarriage of justice." *Fryman v. Fed. Crop Ins. Corp.*, 936 F.2d

---

[4] Plaintiff did not have "to ask for" damages as a witness. Instead, as provided by the jury instructions Plaintiff received, she needed to prove by a preponderance of the evidence the damages she suffered because of Defendant's alleged misconduct and the amount of those damages. Plaintiff had planned to simply state in closing argument that she was entitled to damages and the amount she was requesting, without having presented any evidence on the issue. Plaintiff seems to recognize, however, that she really did not suffer prejudice because the jury found that Defendant did not unlawfully retaliate against her. (*Id*.)

7

244, 248 (6th Cir. 1991). The Court concludes that Plaintiff is not entitled to a new trial.

Despite disagreeing with her counsel's trial strategy for at least "weeks," Plaintiff waited until three days before the scheduled trial date—with the intervening days being the weekend—to fire her attorneys and proceed pro se. Plaintiff insisted at the time that a continuance of the trial was unnecessary, despite the Court initiating the question as to whether one was needed. The following Monday, Plaintiff switched course and requested a delay in the trial. Defendant would have suffered prejudice if Plaintiff's motion had been granted at that time. Defense counsel had set aside the week in his schedule for trial and had spent the weekend preparing for trial. Witnesses had been subpoenaed and were present to testify, taking time off work and cancelling travel plans to do so. The Court also had set aside the week in its schedule to try the case.

Moreover, more than twenty-five members of the public had responded to the call for jury service for the scheduled trial date and were waiting in the courthouse to be brought to the courtroom for voir dire when Plaintiff decided to seek a continuance. As such, those individuals would have been entitled to payment of juror fees. Last minute requests for continuances of a jury trial are strongly discouraged to avoid such inconvenience and expense, and the local rules state that "[t]he expense of bringing jurors to the courthouse for a trial may be

assessed against one or more of the parties or counsel if the jury is not begun as scheduled ...." *See* E.D. Mich. LR 38.2 and 40.2 & Comment ("It is the policy of the Judicial Conference of the United States that last minute settlements and continuances which result in unnecessary juror fees and expenses be penalized by the assessment of costs against the responsible attorney or party.").

Finally, the prejudice Plaintiff believes she may have suffered is likely not due to the denial of her request for a continuance. Rather, it is more likely the result of her decision on the *eve of trial* to terminate the representation of two highly experienced attorneys, ignore their legal advice, proceed pro se, and pursue a trial strategy that allowed the jury to hear evidence that was harmful to her case.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for New Trial (ECF No. 66) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 8, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 8, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager